Alma Cordeau
vs.　　　　No. 88365.
Michael Paliano

December 14, 1932.

CARPENTER, J. This is an action brought to recover damages for personal injuries sustained in June, 1931. The case was tried before a jury on the 11th and 13th days of October, 1932, and the jury returned a verdict for the plaintiff in the sum of $5,000. Thereupon, the defendant in due time moved for a new trial, alleging the following grounds:

1. Said verdict is contrary to the evidence and the weight thereof.

2. Said verdict is not supported by sufficient evidence.

3. Said verdict is contrary to the law.

4. Said verdict is contrary to the law and the evidence.

5. The damages awarded by said verdict are excessive in view of all the testimony in the case and are the result of prejudice and passion.

It appeared from the evidence that the plaintiff was riding in a machine owned and operated by her brother, and was sitting in the front seat with her brother and her brother's fiancee; that at the time of the accident the machine was going over the West Shore Road in the town of Warwick, towards Providence. The defendant's machine was operated by Joseph Pali-

ano, son of the defendant, and was proceeding in the opposite direction from the car in which the plaintiff was riding, on the West Shore Road.

The evidence tended to show that as the cars approached the intersection of Longmeadow Road and West Shore Road, the Paliano car suddenly turned out of line to enter Longmeadow Road. thereby crossing the road directly in front of the car in which the plaintiff was riding. The cars came together, damaging both cars and injuring the plaintiff.

The Court feels from the evidence that the jury were justified in finding that the plaintiff was in the exercise of due care and that the defendant was negligent at the time of the accident, and does not feel that it should disturb the finding of the jury in regard to liability.

The Court, however, is of the opinion that the jury, in assessing damages, awarded an amount grossly in excess of what should have been awarded for the injuries which the plaintiff sustained. How much the plaintiff is entitled to in order that justice may be done is a question to which this Court has given careful consideration. The plaintiff suffered injuries which left a scar on her forehead, which perhaps to some extent is a considerable element in assessing damages. She also suffered a nervous shock. The scar is not one which will to any great extent destroy the attractiveness of the plaintiff, although she is a young, unmarried lady, but, nevertheless, she has a scar which can be easily seen upon her forehead. The nervous shock that she sustained still lingers with her but not, the Court feels, to any great extent. At the time of the collision she suffered some injury to her knee, which the Court understands from the evidence has entirely cleared up.

The Court has examined many cases where damages were sustained in similar injuries and feels, after such examination and upon careful consideration, that the jury would have been justified in returning a verdict for $2500 and no more. Therefore, unless the plaintiff in the above entitled case shall, within seven days from the date of the filing of this rescript, file a remittitur in the office of the clerk of the Superior Court remitting all of the damages over and above $2500, motion for a new trial is granted, otherwise the motion for a new trial is denied.

For plaintiff: John R. Higgins.

For defendant: Sherwood, Heltzen & Clifford.